UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

PAINTERS AND ALLIED TRADES DISTRICT )
COUNCIL NO. 35 HEALTH AND WELFARE, )
PENSION AND ANNUITY FUNDS, )
)
              Plaintiff, )
)
v. )
)
KARAS & KARAS GLASS CO., INC., )
)
and )
)
KIVA SYSTEMS, INC., )
)
              Defendants. )
)

04-12026 REK
MAGISTRATE JUDGE Cohen

RECEIPT # 58810
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. L.O.M
DATE 9/20/04

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*, as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381, *et seq*, brought on behalf of Painters and Allied Trades District Council No. 35 Heath and Welfare, Pension and Annuity Funds ("Funds") for damages and injunctive relief arising from unpaid and delinquent contributions.

2. This court has jurisdiction pursuant to 29 U.S.C. §1132(e)(1) and venue lies in this district pursuant to 29 U.S.C. §1132(e)(2).

3. Plaintiff Funds are "multi-employer plans" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and "employee benefit plans" or "plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3).

4. The Funds have a principal office at and are administered from 25 Colgate Road, Roslindale, Massachusetts.

5. Defendant Karas and Karas Glass Co., Inc. ("Karas"), is an employer with a business address at 455 Dorchester Avenue, South Boston, Massachusetts 02127. Defendant Karas is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and 152(2), (6), and (7).

6. Defendant Kiva Systems, Inc. ("Kiva") is an employer with a business address at 455 Dorchester Avenue, South Boston, Massachusetts 02127. Defendant Kiva is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and 152(2), (6), and (7).

7. Painters and Allied Trades District Council No. 35 ("District Council No. 35" or "Union") is a labor organization within the meaning of 29 U.S.C. §152(5).

8. Defendant Karas is signatory to a collective bargaining agreement titled "Glassworkers Wholesale Agreement" with District Council No. 35, pursuant to which Defendant Karas agreed to make fringe benefit contributions for employees to Plaintiff Painters and Allied Trades District Council No. 35 Health and Welfare, Pension and Annuity Funds.

9. The collective bargaining agreement between Defendant Karas and District Council No. 35 ("Inside Agreement") covers "inside" or "shop" glass fabrication work.

10. District Council No. 35 is signatory to a collective bargaining agreement with Painters and Finishing Employers Association of New England, Inc., and Glass Employers Association of New England, Inc. ("Outside Agreement"), and Defendant Kiva is signatory to an Independent Agreement pursuant to which it agreed to be bound by the terms of said Outside Agreement.

11. The Outside Agreement covers on site or "outside" glass installation work.

12. Upon information and belief, and at all times material to this action, the officers, directors, partners and/or stockholders of Defendant Karas exercise directly or indirectly a significant degree of ownership, management, and/or control over Defendant Kiva.

13. Upon information and belief, and at all times material to this action, Defendant Karas and Defendant Kiva have shared equipment, vehicles, and facilities.

14. Upon information and belief, Defendant Kiva has established a non-union facility located in Stoughton, Massachusetts to perform "inside" glass fabrication work.

15. Upon information and belief, Defendant Karas, which is signatory to the Inside Agreement, has authorized the transfer and/or subcontracting of its "inside" or "shop" fabrication work covered by the terms of the Inside Agreement, to Defendant Kiva's Stoughton facility to be performed by non-union employees.

16. Defendant Karas is required, pursuant to the Inside Agreement, to make fringe benefit contributions to the Funds for all "inside" or "shop" fabrication work performed by Defendant Karas.

17. Defendant Karas has failed to make the required fringe benefit contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. §1145.

18. Upon information and belief, Defendant Kiva is the alter ego of Defendant Karas.

19. Defendant Kiva has failed to make the required fringe benefit contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. §1145.

**WHEREFORE,** Plaintiff prays that:

1. Judgment enter against Defendant Karas and Defendant Kiva in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2), by

   A. Awarding the Funds the following amounts:

   1. The unpaid contributions;

   2. Interest in unpaid contributions at a rate of 1.5% per month from the date payment was due;

   3. Liquidated damages pursuant to the collective bargaining agreements;

   4. All costs and reasonable attorney's fees incurred by the Funds in connection with this action;

   B. Permanently enjoining Defendant Karas and Defendant Kiva from violating their obligations under the terms of the collective bargaining agreements with Painters and Allied Trades District Council No. 35.

C.  Ordering such other and further relief as this court may deem just and

proper.

                    Respectfully submitted,
Painters and Allied Trades District
Council No. #35 Health and Welfare,
Pension and Annuity Funds

By its attorneys,

Michael A. Feinberg, BBO #161400
Jonathan M. Conti, BBO #657163
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
Dated: September 16, 2004          (617) 338-1976


F:\LABOR\Painters District Council No. 35 Funds\misc\KarasKiva- Complaint 9.9.04.doc

5